UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

MARTELL BROWNLEE,            )
                             )
    Plaintiff,                )
                             )
    v.                        )    CASE NO. 16-CV-3126
                             )
LIEUTENANT ZENK, et. al.,    )
                             )
    Defendants.               )
                             )

**MERIT REVIEW OPINION**

Sue E. Myerscough, U.S. District Judge.

This cause is before the Court for merit review of the pro se Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's initial complaint and motions to amend were dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* June 15, 2016 Text order.  However, Plaintiff was given additional time and instructions to file an amended complaint clarifying his intended claims and Defendants.  Plaintiff has now filed his motion for leave to amend which is granted pursuant to Federal Rule of Civil Procedure 15. [10]

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The Plaintiff claims his constitutional rights were violated at Western Illinois Correctional Center by Lieutenants Zenk, Sheffler, and Fischel; Correctional Officers Buller, Collins, and Wohlfeil; and Adjustment Committee Members Richard Davis and Christopher Icenogle.  Plaintiff claims on September 20, 2015, Defendants Zenk, Sheffler, Fischel, Buller, and Collins repeatedly used excessive force against Plaintiff while he was handcuffed. Plaintiff's complaint explains how each of the Defendants were involved in the continued assault.  Plaintiff has adequately alleged the Defendants violated his Eighth Amendment rights by the use of excessive force.

Plaintiff says he suffers with several cuts after the assault, but the same Defendants refused to provide him medical care. Plaintiff says he still has no feeling in two fingers.  For the purposes of

notice pleading, Plaintiff has also alleged Defendants Zenk, Sheffler, Fischel, Buller, and Collins violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.

Plaintiff says Defendants Icenogle and Davis retaliated against him when they served on the Adjustment Committee apparently considering a disciplinary ticket stemming from the same incident. To state a retaliation claim, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009) (internal quotations omitted). Plaintiff has failed to allege he engaged in a protected activity which prompted a retaliatory action. Therefore, he has failed to articulate a retaliation claim.

Plaintiff says Defendants Icenogle and Davis also violated his due process rights when they failed to properly investigate the claims against him and instead sided with the officers. Plaintiff does not state what discipline he received as a result of the hearing.

To satisfy due process, an inmate facing disciplinary charges must be given: (1) advance written notice of the charges against him; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence in his defense; and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell,* 418 U.S. 539, 563–69 (1974); *Cain v. Lane,* 857 F.2d 1139, 1145 (7th Cir.1988). In addition, the decision of the adjustment committee must be supported by "some evidence." *Black v. Lane,* 22 F.3d 1395 (7th Cir.1994). The Plaintiff's disagreement with the depth of the investigation or the ultimate outcome does not state a constitutional violation. Therefore, the Court will dismiss Defendants Icenogle and Davis.

The Court will also dismiss Defendant Wohlfeil since he is only mentioned in the caption of the amended complaint. *See Potter v Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.")

MOTION FOR APPOINTMENT OF COUNSEL

The Plaintiff has renewed his motion for appointment of counsel. [9] Plaintiff has no constitutional or statutory right to the appointment of counsel in this case.  In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

Plaintiff's initial motion for appointment of counsel was denied since he failed to demonstrate any attempt to find counsel on his own. *See* June 15, 2016 Text Order. Plaintiff has now provided copies of letters he received denying his request for representation. Therefore, the Court must now consider whether Plaintiff is competent to litigate his claims.

Plaintiff's claims before this Court are not complex.  His amended complaint demonstrates he is capable of describing the incidents of excessive force, his injuries, and his attempts to obtain medical care. This testimony can be used to show evidence of

deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference).  Through simple discovery requests, Plaintiff can also obtain a copy of any relevant video recording, medical records, or incident reports.

Finally, once the Defendants are in the case, the Court will enter a scheduling order which sets deadlines, provide important information for a pro se litigant, and requires the parties to provide initial discovery.  Based on the record before the Court, Plaintiff's motion is denied. [9]

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Zenk, Sheffler, Fischel, Buller, and Collins violated Plaintiff's Eighth Amendment rights when: a) they used excessive force against Plaintiff on September 20, 2015; and, b) they were deliberately indifferent to his serious medical condition on September 20, 2015. The claims are stated against the Defendants in their individual capacities. Any additional claims shall not be included in the case, except at

the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that

Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's

document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to amend his complaint and filed the attached complaint; 2) Dismiss Defendants Icenogle, Davis, and Wohlfeil**

**for failure to state a claim upon which relief can be granted; 3) Deny Plaintiff's motion for appointment of counsel [9]; 4) Attempt service on Defendants pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: 9/30/2016


FOR THE COURT:                    s/ Sue E. Myerscough
                          _____
                               SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE